IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent | |
| v. | Case No. 3:15-CR-00044-JO-02 |
| CHRISTOPHER GUILLEN-ROBLES, | OPINION AND ORDER |
| Defendant/Petitioner. | |

JONES, J.

This matter comes before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [# 870]. For the reasons set forth below, I GRANT Defendant's Motion.

After being arraigned on drug trafficking and money laundering charges, defendant Christopher Guillen-Robles (Guillen-Robles) retained the legal services of Raymond S. Tindell (Tindell). Tindell replaced Guillen-Robles court-appointed counsel, Ernest Warren. Guillen-Robles and Tindell met in person and spoke via telephone several times prior to Guillen-Robles pleading guilty to Count One, Conspiracy to Distribute and Possess with Intent to Distribute Heroin, and Count Nineteen, Conspiracy to Commit Money Laundering, of the Superseding Indictment. [# 268]. At sentencing, both the Government's and Guillen-Robles's sentencing memoranda requested a low-

1 Opinion and Order

end guideline sentence of 151-months' imprisonment. The Presentence Report (PSR) recommended a 132-month sentence, a variance from the low-end guideline range but more than Count One's required ten-year mandatory minimum sentence. During the sentencing colloquy, Tindell stated that he and Guillen-Robles had reviewed the PSR and there were no disputes. Tindell indicated that they agreed with the Government's recommendation of 151 months but noted that the court was not bound by the guidelines. Guillen-Robles spoke at the hearing and apologized to the people he might have injured and hoped that this experience provided him an opportunity to change his life so that he could "be a person who's correct." [#870, Ex. 6, p.4].

I imposed a 151-month concurrent sentence for each count. Now, Guillen-Robles asks that I vacate, set-aside or correct his sentence asserting ineffective assistance of counsel. Specifically, he alleges three grounds for relief in his petition: (1) ineffective assistance of counsel based on Tindell's failure to communicate with him during Tindell's representation of Guillen-Robles; (2) ineffective assistance of counsel due to Tindell's failure to disclose the PSR and probation office's 132-month sentencing recommendation; and, (3) ineffective assistance of counsel based on Tindell's failure to advocate for a sentencing variance.[1] Regardless of the merits of his claims, I find it appropriate to review the sentence.

At the time of sentencing, I thoroughly reviewed the PSR and the parties' sentencing memoranda. I observed that Guillen-Robles played a major role in the drug trafficking organization and that the case involved a significant amount of heroin. Ultimately, my decision to impose a 151-month sentence was heavily influenced by the

---

[1] Initially, Guillen-Robles alleged four grounds for relief. With his reply brief, he withdrew the second ground. [#949]

parties' joint recommendation of a low-end guideline range sentence. While I read in the PSR that, "[t]he guidelines in this case are driven primarily by drug quantities, and the resulting advisory range would provide a period of incarceration greater than necessary to accomplish the goals of sentencing." [#519, p.2] and that 21-year old Guillen-Robles had never been incarcerated, those factors were outweighed by the strong joint recommendation offered by the parties. Had Tindell advocated for a 132-month sentence either in his sentencing memorandum or at the sentencing hearing, I would have given more weight to those factors and the recommendation in the PSR. At this juncture, given the chance to review my decision, I find a 132-month sentence to be sufficient to protect the public, to provide adequate deterrence to others, and to avoid any sentencing disparity among the other members of the drug trafficking organization. Furthermore, the lower sentence takes into account Guillen-Robles relative youth and lack of prior criminal history. Thus, I GRANT Guillen-Robles Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. I vacate Guillen-Robles 151-month sentence and now impose a sentence of 132 months.

IT IS SO ORDERED.

Dated this 20th day of June, 2019.

Robert E. Jones, Senior District Court Judge